**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

--------------------------------

| | | |
|---|---|---|
| | : | CIVIL ACTION No. |
| SHIRL A. ISHMAEL | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| SCHOOL DISTRICT OF PHILADELPHIA | : | |
| DIANE HATHAWAY | : | |
| Defendants | : | |

---

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. Plaintiff in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon her causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendants School District of Philadelphia (hereinafter “School District”), and Diane Hathaway, rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

3. This action arises under the Civil Rights Act 42 U.S.C. 2000e et seq, (Title VII), 42 U.S.C. §1981, the Age Discrimination in Employment Act, (ADEA) as amended, and the Pennsylvania Human Relations Act, (PHRA), which prohibit discrimination on the bases of race and age, and retaliation by employers and any person because of complaints of race and or age discrimination, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, and deliberate discrimination and retaliation by Defendants.

4. This action also arises under the Civil Rights Act 42 U.S.C. Section 1983 for the violation of Plaintiff’s Constitutional rights by Defendants, acting under color of state law.

## II. JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provide for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America. Plaintiff has also exhausted her administrative remedies before bringing her Title VII, ADEA and PHRA claims to Court. On April 30, 2010, the EEOC issued Plaintiff her right to sue letter. See attached copy. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

## III. PARTIES

6. Plaintiff, Shirl A. Ishmael, is a citizen of the United States and the Commonwealth of Pennsylvania, who currently resides in Elkins Park, Pennsylvania.
7. Defendant, School District, is an agency of the City of Philadelphia, with its offices located at 3624 Conrad Street, Philadelphia, PA 19129.
8. Defendant Diane Hathaway, is a citizen of the United States and currently resides within the Commonwealth of Pennsylvania, and at all times relevant to this action was Plaintiff's supervisor and the Regional Superintendent of Defendant School District.

## IV. STATEMENT OF FACTS

9. On or about July 30, 2007, Plaintiff began employment with SEPTA as an EEO/ER Specialist.

10. Plaintiff is an African American Female and is forty-six years old.

11. Plaintiff was hired by the School District in or about October 1986 as an Elementary School Teacher and assigned to the Thomas Mifflin School.

12. In or about September 2007, Plaintiff was promoted to School Base Teacher Leader (SBTL).

13. Subsequent to Plaintiff's promotion a group of white younger teachers who are on the Philadelphia Federation of Teachers Committee subjected Plaintiff to harassment and repeatedly made false allegations against Plaintiff. These allegations lead to investigations and subsequent hearings. Upon information and belief, the allegations were determined unfounded.

14. In or about February 2009 the aforementioned committee made another false accusation against Plaintiff of committing testing violations.

15. Plaintiff's predecessor, Terry Jann, SBTL (Caucasian/male), was not subjected to similar forms of harassment and false accusations.

**16.** In March 2009 Plaintiff learned that for the 2009-10 school year, she would be demoted to Elementary School Teacher. Plaintiff also learned that this demotion was recommended by Defendant Diane Hathaway, Regional Superintendent (Black).

17. Plaintiff asserts that this demotion was in retaliation for Plaintiff's participation in an investigation conducted by the U.S. Department of Justice in which complaints and reports of race discrimination issues were addressed.

18. Following Plaintiff's participation I this Department of Justice investigation, Plaintiff has been subjected to various forms of retaliatory actions by Defendants, including but not limited to, demotion, denial of opportunities for professional development, failure to hire for promotional opportunities.

## V. STATEMENT OF CLAIM

**COUNT ONE – Title VII VIOLATIONS – Race Discrimination**

19. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through eighteen (18) as if the same were fully set forth at length herein.

20. The acts and conduct of the Defendants as stated above where Plaintiff was subjected to harassment and disparate treatment because of her race were violations of the Civil Rights Act, 42 U.S.C. §2000e-1, et seq.

21. As a direct result of the said discriminatory practices of the Defendants, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

**COUNT TWO – 42 U.S.C. §1981 VIOLATIONS – Race Discrimination**

22. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through twenty-one (21) as if the same were fully set forth at length herein.

23. The acts and conduct of the Defendants as stated above where Plaintiff was subjected to race discrimination by Defendants were violations of the Civil Rights Act, 42 U.S.C. §1981.

24. As a direct result of the said discriminatory practices of the Defendants, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

**COUNT THREE – TITLE VIOLATIONS - RETALIATION**

25. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through twenty-four (24) as if the same were fully set forth at length herein.

26. The acts and conduct of the Defendants as stated above where Plaintiff was subjected to numerous adverse actions by Defendants after complaining and or opposing and or participating in the investigation of race discrimination by Defendants were violations of the Civil Rights Act, 42 U.S.C. §2000e-5.

27. As a direct result of the said retaliatory practices of the Defendants, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

**COUNT FOUR – 42 U.S.C. §1981 VIOLATIONS - RETALIATION**

28. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through twenty-seven (27) as if the same were fully set forth at length herein.

29. The acts and conduct of the Defendants as stated above where Plaintiff was subjected to numerous adverse actions by Defendants after complaining, and or opposing, and or participating in an investigation of complaints of race discrimination by Defendants were violations of the Civil Rights Act, 42 U.S.C. §1981.

30. As a direct result of the said retaliatory practices of the Defendants, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss

of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

**COUNT FIVE – PHRA VIOLATIONS – Race/Age Discrimination**

31. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty (30) as if the same were fully set forth at length herein.

32. The acts and conduct of the Defendants as stated above where Plaintiff was subjected to race and or age discrimination by Defendants were violations of the PHRA.

33. As a direct result of the said discriminatory practices of the Defendants, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

**COUNT SIX – PHRA VIOLATIONS - RETALIATION**

34. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-three (33) as if the same were fully set forth at length herein.

35. The acts and conduct of the Defendants as stated above where Plaintiff was subjected to numerous adverse actions by Defendants after complaining and or opposing race and age discrimination or participating in the investigations of complaints of race discrimination by Defendants were violations of the PHRA.

36. As a direct result of the said retaliatory practices of the Defendants, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss

of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

**COUNT SEVEN – ADEA VIOLATIONS – Age Discrimination**

37. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-six (36) as if the same were fully set forth at length herein.

38. The acts and conduct of the Defendants as stated above where Plaintiff was subjected to age discrimination by Defendants were violations of the ADEA.

39. As a direct result of the said discriminatory practices of the Defendants, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

**COUNT EIGHT – ADEA VIOLATIONS - RETALIATION**

40. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-nine (39) as if the same were fully set forth at length herein.

41. The acts and conduct of the Defendants as stated above where Plaintiff was subjected to numerous adverse actions by Defendants after complaining and or opposing age discrimination by Defendants were violations of the ADEA.

42. As a direct result of the said retaliatory practices of the Defendants, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

**COUNT NINE – SECTION 1983 VIOLATION**

43. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through forty-two (42) as if same were fully set forth at length herein.

44. Plaintiff exercised her Constitutional rights under the First Amendment of the United States Constitution by opposing Defendant's unlawful conducts, complaining to authorities about been subjected to racial and age discriminatory actions, and participating in the investigation of complaints of race discrimination by the Department of Justice.

45. On numerous occasions after complaining to Defendants of been subjected to discriminatory conducts, Plaintiff was subjected to retaliatory actions by Defendants for engaging in protected activities under the Constitution.

46. Defendants also violated Plaintiff's Constitutional rights by denying her equal protection.

47. Defendants violated Plaintiff's Fourteenth Amendment rights when they provided false information about Plaintiff with the intent to injure Plaintiff and to deprive her of employment opportunities.

48. At all material times relevant to this action, Defendants were acting under color of state law.

49. The constitutional rights of the Plaintiff were violated as a direct and proximate result of the failure of Defendant School District to properly train, supervise, discipline and control Defendant Hathaway, regarding the due process rights of the Plaintiff and to be

free from retaliatory actions. As the Regional Superintendent of Defendant School District, Defendant Hathaway is the policy decision maker.

50. By failing to properly train discipline and supervise Defendant Hathaway, Defendant School District displayed deliberate indifference to the rights of Plaintiff to be free from retaliatory actions for exercising her First Amendment rights and unlawful loss of property.

51. Defendant School District acquiesced in the unlawful conduct of Defendant Hathaway.

52. As a result of the actions and omissions of the Defendants aforesaid, causing the unlawful taking of Plaintiff's employment opportunities, and subjecting Plaintiff to a pattern of retaliatory actions, Plaintiff has lost money and suffered physical and emotional pain and suffering.

53. Defendants School District and Hathaway violated Plaintiff's Fourth and Fourteenth Amendment rights by directing, participating in, and /or condoning the unlawful retaliatory actions against Plaintiff.

54. The acts and conducts of the Defendants as stated above where Plaintiff was subjected to adverse employment actions after complaining and or opposing race and age discrimination and participating in the investigation of complaints of race discrimination by Defendants are violations of the Civil Rights Act 42 U.S. C. Section 1983.

55. As a direct result of said violation of the Civil Rights Act, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands judgment against Defendants, and request that this Honorable Court:

A. Enter judgment against the Defendants for back pay, front pay, loss income, loss benefits, pre and post judgment interests, costs of suit, punitive damages against the individual Defendant Diane Hathaway, compensatory damages, attorneys' fees and expert witness fees as permitted by law; and

B. Award such other relief as the Court may deem necessary and just, including but not limited to an order to make whole and reinstate Plaintiff to her position as School Base Teacher Leader.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

OOA2265

Olugbenga O. Abiona
1433 South 4th Street
Philadelphia, PA 19147
(215) 625-0330
Attorney ID. #57026
Attorney for Plaintiff

Dated: June 22, 2010